Rogers and Others *v.* Howard and Others.

The Probate Court had authority, under the R. S. 1843, and it was its duty upon a proper application, to grant a change of venue in proceedings under art. 3, c. 30, of those statutes, to contest the validity of a will.

ERROR to the *Decatur* Probate Court.

*Tuesday,
November 29.*

Roache, J.—This was a suit instituted by the defendants in error, to contest the validity of the will of *Robert Rogers.*

The parties contesting filed their allegations in writing, setting forth their objections; the defendants answered; and an issue was made up whether the writing produced was the last will and testament. The jury returned a verdict against the validity of the will. The verdict was set aside by the Court and a new trial granted, which resulted in a second finding that the writing in controversy was not the last will of *Robert Rogers.*

The only point necessary to be examined in this case, arises upon the refusal of the Probate Court to grant a change of venue prayed for by one of the plaintiffs in error, previous to the second trial. At the proper time an affidavit was filed, alleging that a fair and impartial trial of the cause could not be had in the county of *Decatur*, because of the prejudice and odium which attached to him and his defence. The motion was overruled.

The defendants in error, in support of the ruling of the Court, assume the position that the Probate Court had no power to grant the change of venue in this case, because art. 3 of c. 30, R. S. 1843, on which the proceeding is founded, does not give any such power. It is true that article is silent on the subject. But it confers the exclusive jurisdiction in such proceeding on the Probate Court, and the 14th section of chapter 39, which prescribes the powers and duties of that Court, declares it " shall have power to grant changes of venue upon the conditions and restrictions, and according to the usages and customs of other courts of record in this state." In addition to this,

section 59 of the same article 3, provides that "in all matters relating to the mode of procedure, investigation, hearing and determination of such cause, which are not specially provided for in this article, such [Probate] Court shall proceed and be governed by the rules, regulations, and usages of Courts in other causes, so far as the same are applicable and proper."

We can perceive no reason why a change of venue may not become as applicable and proper in a contest of the validity of a will, as in any other proceeding in the Probate Court. The causes which make a change necessary in any trial, may and do exist with equal force in these proceedings.

This view of the case is sustained by a decision in an analagous case. The statute of 1838, p. 379, authorizing applications to be made before justices of the peace to enter satisfaction of judgments on their dockets, did not expressly provide for any appeal from their decisions in such cases. Yet the Supreme Court held that the general law authorizing appeals from the judgments of justices, was sufficient to sanction the appeal taken from a decision in such a case. *Creekpaum* v. *Templeton*, 5 Blackf. 583.

However reluctant we may be to disturb two concurring verdicts, supported, as it seems to us, by the preponderance of the evidence, the decision of the Court below is too clearly erroneous to admit of hesitation in reversing it. (1)

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Scobey*, for the plaintiffs.

*J. Robinson* and *A. Davison*, for the defendants.

(1) Davison, J., having been concerned as counsel, was absent.