THOMAS GRAY and, wife and another *v.* JAMES A. GAITHER, Exec'r., &c.

An order of a Judge, for the defendant to appear at a subsequent time and show cause why a receiver may not be appointed, does not involve any matter of law nor effect any substantial right, and therefore, is not such an order as can be appealed from.

CIVIL ACTION, returnable to the Spring Term, 1874, of DAVIE Superior Court, and heard before *Cloud, J.,* upon a motion in the cause.

In 1873 one James Gray died, leaving a last will and testament, which was duly admitted to probate, the defendant qualifying as executor thereof.

The plaintiffs instituted this action to recover a legacy under said will, and on Wednesday of the return term moved to be allowed until the following Friday to file their complaint. On Friday they were allowed further time to file their complaint, the defendant objecting. On Wednesday of the second week the plaintiffs filed an affidavit suggesting a waste of the estate by the defendant and that he had given no bond, and moved for the appointment of a receiver. His Honor made an order on the defendant to appear before him on a certain day at Chambers and show cause why a receiver should not be appointed. From this order the defendant appealed.

*Furches,* for appellant.
*McCorkle & Bailey,* contra.

RODMAN, J. The cases in which an appeal is allowed are stated in C. C. P., sec. 299. "An appeal may be taken from every judicial order or determination of a Judge of a Superior Court upon or involving *a matter of law or legal inference,* whether made in or out of term which *affects a substantial right* claimed in any action or proceeding," &c.

The present case fails to come within this liberal rule in two

respects.  1. The order of the Judge does not involve any matter of law.  2. It does not affect any substantial right.

The order determines nothing.  It is merely in the nature of a notice to appear and show cause why an order for the appointment of a receiver should not be made.  There was no necessity for having such an order sanctioned by a Judge.  A notice from the plaintiff that on a certain day he would move for an order, &c., would have been sufficient.  It is contended that the rule or order which the Judge made amounted to a determination by him that upon the case which the plaintiff then presented, and unless the defendant could show cause to the contrary, he would make the final order desired.  We do not so consider it.  As the plaintiff himself could have given a sufficient notice, it would probably have been best for the Judge to have abstained from giving his unnecessary sanction.  But that the notice is directed by the Judge does not alter its character.  It remains merely a notice, and affects no right of either party unless the Judge on the return day shall make some other order.

PER CURIAM.                                        Appeal dismissed.