Filed May 21, 1891.

---

No. 15,077.

### REYNOLDS *v.* QUICK.

CHATTEL MORTGAGE.—*Recording.*—As between the mortgagor and the mortgagee or the latter's assignee, it is not necessary to record a chattel mortgage. As between them it is valid without recording.

SAME.—*Receiver.*—If a petition to foreclose a chattel mortgage shows that the mortgagor is insolvent, that the mortgaged property is not sufficient in value to secure the debt, and that there is danger of its removal beyond the jurisdiction of the court, it is sufficient to authorize the appointment of a receiver of such property.

From the Warren Circuit Court.

*J. M. McCabe* and *E. F. McCabe,* for appellant.

McBRIDE, J.—This is an appeal from an order appointing a receiver for mortgaged chattels.

The suit was brought by the assignee of the mortgage, and of the notes secured thereby, against the mortgagor to collect the sum due on the notes and to foreclose the mortgage. There is no other defendant, and the notes are overdue. The appellant urges that as the complaint does not show that the mortgage was recorded within ten days it is void,

and that, as a consequence, the assignee acquired no interest or right in the mortgaged property entitling him to a receiver.

So far as the parties to a chattel mortgage are concerned, recording is not necessary to its validity. The statute provides only, that if not recorded it shall not be valid as against any other person than the parties thereto. The mortgagor can take no advantage of a failure to record it. Section 4913, R. S. 1881; McTaggart v. Rose, 14 Ind. 230.

The appellant also insists that sufficient reasons are not shown in the petition to authorize the appointment of a receiver. The petition shows the insolvency of the debtor; that the mortgaged property is not sufficient in value to secure the debt, and that there is danger of its removal beyond the jurisdiction of the court. This is sufficient.

The court did not err in appointing the receiver.

Judgment affirmed, with costs.

Filed May 21, 1891.