## STATE OF INDIANA, EX REL. REDKEY TILE, BRICK AND BUILDING BLOCK COMPANY, *v.* ROWLES ET AL.

### [No. 22,077. Filed May 28, 1912.]

1. DRAINS. — *Contractor's Bond.—Liability.—Statute.*—Under the drainage act (Acts 1905 p. 456) a liability exists on the bond of the contractor in favor of any person furnishing labor or material in the construction of the work, and failing to receive compensation therefor, although there is a failure to provide for such liability in the bond as executed. p. 687.

2. DRAINS.—*Contractor's Bond.—Defective Bond.—Action.—Complaint.—Sufficiency.*—In an action on a contractor's bond to recover for materials furnished in the construction of a drain, a

complaint, alleging the execution of the bond, and that it was defective because it failed to provide that any person furnishing material to such contractor and failing to receive compensation shall have a right of action on such bond as provided by the law in force at the time of its execution, was sufficient under the provisions of §1278 Burns 1908, §1221 R. S. 1881. p. 688.

From Jay Circuit Court; *Joseph G. Leffler*, Judge.

Action by the State of Indiana, on the relation of the Redkey Tile, Brick and Building Block Company, against Frank Rowles and others. From a judgment for defendants, the relator appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*Jacob F. Denny,* for appellant.
*Frank B. Jaqua* and *Charles E. Schwartz,* for appellees.

SPENCER, J.—Complaint in one paragraph, on a contractor's bond, by appellant against appellees and William Jarrett to recover value of material—tile furnished contractor; dismissed as to Jarrett. Bond executed on January 27, 1906, under drainage act of March 6, 1905 (Acts 1905 p. 456).

Separate demurrer of Charles Rowles, appellee, to complaint, overruled by court. Separate answer of Charles Rowles in five paragraphs, separate answer of Frank Rowles, in two paragraphs, and separate amended answer of Frank Rowles in one paragraph. Separate demurrer by appellant to first, second, third and fifth paragraphs of answer of appellee Frank Rowles.

The court carried appellant's demurrer to the fifth paragraph of answer of Charles Rowles back to the complaint, and sustained it as to the complaint, and like action upon the appellant's demurrer to the amended answer of Frank Rowles, therefore the question here presented is the sufficiency of the complaint.

The complaint, omitting caption and signature, is as follows: "The plaintiff complains of the defendants, and says,

that heretofore, to wit, on the —— day of June, 1905, there was filed in the Jay Circuit Court of said county, by James B. Sheffer, certain proceedings, under the law then in force, governing the establishment of drains, by petition to the circuit court. That in the petition so filed in said court by said James B. Sheffer, he prayed that a drain be established affecting his lands, located in Madison township in said county and described in said petition and also the lands of other freeholders, whose names and lands were set out and described. That thereafter such proceedings were had as that said drain was ordered constructed by said court and one Philip Bergman was duly and legally appointed to be superintendent of construction of said drain. That said superintendent caused legal notice to be published of the letting of the contract for the construction of said drain and on the 27th day of January, 1906, in conformity with said notice, he let said contract for the construction of said drain to Frank Rowles and William Jarrett, defendants herein, at and for the sum of $1,175. That on said 27th day of January, 1906, the said defendants, Frank Rowles and William Jarrett, entered into a bond payable to the State of Indiana for the performance of their contract to construct said drain and the defendant, Charles Rowles, signed the same as surety for the other named defendants. That the defendant, Frank Rowles, signed said bond in the name and style of Frank Rowles. That a copy of said bond is filed herewith, marked Exhibit 'A' and made a part of this complaint. That said bond is defective in this, that it does not provide that any person furnishing labor or material to such contractor, or to any subcontractor, in the construction of such work, and failing to receive compensation therefor, shall have a right of action on such bond for the amount found due him, as provided by the law in force at the time of the execution of said bond. That the said bond was filed by the defendants with the said superintendent of construction and the same was approved and accepted

by him. That the defendants, Frank Rowles and William Jarrett entered upon the construction of said drain and completed the same according to plans and specifications filed in said drainage proceedings and the work of said drainage so done by them was accepted by the said superintendent of construction, who paid said contract price of $1,175 to said defendants. That in the construction of said drain, the said defendants purchased of the plaintiff company drainage tile for use in the construction of said drain, and said tile so purchased of plaintiff and furnished by the plaintiff company to said defendants were used by said defendants in the construction of said drain and entered into and became a part of the same. That the tile so furnished to said defendants by the plaintiff company and used by said defendants in the construction of said drain as aforesaid, consisted of 24 rods of 16 inch tile, 90 rods of 15 inch tile, 42 rods of 14 inch tile, 60 rods of 12 inch tile, 54 rods of 10 inch tile and 18 rods of 6 inch tile. That the said defendants, Frank Rowles and William Jarrett promised and agreed to pay for said tile, the sum of $531.60 and the said tile were and are reasonably worth said sum. That the said defendants, Frank Rowles and William Jarrett paid to the plaintiff company on said tile, the sum of $412. That the balance of said account, amounting to $119.60 is still due and owing and wholly unpaid, together with interest thereon since February 1, 1906. That the plaintiff company, before bringing this action demanded of each of the defendants that they pay to said plaintiff company the balance due on said account as above set out, but they and each of them have wholly failed and refused so to do. That the plaintiff company, the Redkey Tile, Brick and Building Block Co. is a corporation duly and legally organized under the laws of the State of Indiana. That by reason of the foregoing facts the defendants are indebted to the plaintiff company in the sum of $200 which sum is now due and owing from the defendants to the plaintiff company, and

for which plaintiff demands judgment and for all other proper relief.''

"Exhibit 'A'.

DITCH BOND.

In the matter of public ditch petitioned for by James B. Sheffer.

Jay Circuit Court,

December term, 1905.

We, Frank Rowles, and William Jarrett and Charles Rowles, are bound unto the State of Indiana in the penal sum of $2,000, for the payment of which we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents, sealed and dated this, the 27th day of January, 1906, conditioned as follows, to wit: Whereas, the above bound Rowles and Jarrett did on the 27th day of January, 1906, at a public letting by said commissioner of drainage in said county, in the State of Indiana, of certain portions of a public ditch or watercourse petitioned for by said Sheffer, bid off at public auction, the following described parcel or portion of said ditch, to wit: Commencing at Station No. 0. and closing at Station No. 84 plus 36 feet of said ditch. Now if said Rowles and Jarrett shall faithfully perform said work, and construct said ditch in accordance with the specifications of said commissioners to the acceptance of the above named commissioner and that he will pay all damages occasioned by his nonfulfillment of his said contract, and complete said work by the 1st day of May, 1906, then this bond to be void, and of no effect, otherwise to remain in full effect in law.

Witness our hands and seals this 27th day of January, 1906.

|  |  |
|---|---|
| Frank Rowles, | (Seal) |
| William Jarrett, | (Seal) |
| Charles Rowles, | (Seal) |

Accepted and approved by me this 27th day of January, 1906.                              Philip Bergman,

Drainage Commissioner of Jay Co. Ind."

The drainage act of 1905 (Acts 1905 p. 456 §5) provides: "Such contractor shall give bond to the approval of the superintendent, for the performance of his contract, and that he will pay all damages caused by failure to do so, which may be recovered in any court of competent jurisdiction. Any person furnishing labor or material to such contractor  *  *  *  in the construction of such work, and failing to receive compensation therefor, shall have a right of action on such bond for the amount found due him."

In speaking of a somewhat similar action, Judge Mitchell, in the case of *Faurote* v. *State, ex rel.* (1887), 110 Ind. 463, 467, used this language: "The provisions of the statute became part of the bond, giving to it the same force and effect as if they had been written therein. They constitute the contract upon which the sureties have a right to stand, and by which their liability is to be determined. By this contract the sureties guaranteed that the contractor should promptly pay all debts incurred by him, and it gave to any laborer, materialman, or person furnishing board to the contractor, and having a claim against him therefor, a right of action on the bond."

Also this court, in *Robling* v. *Board, etc.* (1895), 141 Ind. 522-525, which was an action by the taxpayers to vacate a contract made by the county commissioners with one Lori, for the erection of a county jail and sheriff's residence, and to enjoin the erection of said buildings, which contract was made under legislative enactments which required the successful bidder for such work to execute a bond conditioned that "the contractor so receiving such contract shall promptly pay all debts incurred by him in the prosecution of the work, including labor, materials furnished, etc.",

wherein it was claimed the contractor did not comply with the requirements in filing such bond, said: "The contract cannot be successfully assailed on this ground. The bond filed, while it contained no condition that Lori should pay all debts incurred by him in the prosecution of the work," as required by such legislative enactments, yet, it being subject thereto, that it would secure such claims the same as if it contained all the terms required.

We think the measure of liability of such bond is fixed by the statute requiring the bond.

Section 1278 Burns 1908, §1221 R. S. 1881, provides: "No official bond entered into by any officer, nor any bond, recognizance, or written undertaking taken by any 2. officer in the discharge of the duties of his office, shall be void for want of form or substance or recital or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance, or written undertaking to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance, or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance, or written undertaking were perfect in all respects."

The complaint herein suggests that the bond sued on "does not provide that any person furnishing material to such contractor and failing to receive compensation therefor shall have a right of action on such bond for the amount due him as provided by the law in force at the time of the execution of the bond."

The drainage act of 1905, *supra,* regulates the manner of contracting, and the liability of the bond executed thereunder.

Our conclusion is that the court erred in carrying the

demurrers to the answers back to the complaint and sustaining them.

Judgment reversed, with instruction for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 722. See, also, under (1 and 2) 1913 Cyc. Ann. 1729. As to the liability to a subcontractor of the sureties on a contractor's bond, see 132 Am. St. 764.