HUFFMAN *v.* STATE OF INDIANA, EX REL. BARTON.

[No. 9,406.   Filed December 7, 1917.]

1. HIGHWAYS. — *Improvement.* — *Contractor's   Bond.—Liability.—Rights  of  Materialman.—Statute.*—A materialman furnishing gravel to a contractor for a highway improvement can recover on the bond of the contractor executed under §7723 Burns 1914, Acts 1905 p. 556, and conditioned that the bond shall be for the benefit of any person suffering loss or damage by reason of the contractor failing to pay for labor or material. **p. 107.**

2. VENUE.—*Motion for Change.—Counter-Affidavits.*—Counter-affidavits are not admissible in applications for change of venue under §422 Burns 1914, §412 R. S. 1881, providing for a change of the venue in civil actions upon the verified application of either party showing that odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice, or that the opposite party has undue influence over the citizens of the county. **p. 109.**

3. VENUE.—*Change.—Right in Civil Actions.*—Section 422 Burns 1914, §412 R. S. 1881, relating to changes of venue in civil actions, imperatively requires a change where the application is made in conformity with the statute. **p. 109.**

4. VENUE.—*Motion for Change.—Sufficiency.*—An affidavit for change of venue, under §422 Burns 1914, §412 R. S. 1881, reciting that because of the defendant's illness he was unable to appear and for that reason and on his request the application was made by his attorney, that odium attached to the cause of defense

because of local prejudice, and that the affidavit was filed at the earliest possible moment after the facts set out were discovered, is sufficient, and, though filed on the day the case was called for trial, conformed to a rule of court requiring such affidavits to be made before the cause is set for trial, unless the facts are subsequently discovered. p. 109.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by the State of Indiana, on the relation of James M. Barton, against Elijah Huffman. From a judgment for relator, the defendant appeals. *Reversed.*

*Charles R. Haller,* for appellant.
*Charles E. Sturgis* and *Robert W. Stine,* for appellee.

IBACH, C. J.—This is a suit on two bonds executed by appellant to the board of commissioners of Wells county, Indiana, pursuant to §7723 Burns 1914, Acts 1905 p. 556, in connection with the improvement of certain highways in that county. Appellee furnished gravel which was used in the construction of the roads, and this action was brought to recover the price of said gravel.

The complaint is in four paragraphs. Demurrers to the first and second and to the third and fourth paragraphs, respectively, were overruled and the issues were closed by general denial. A demand for jury trial was withdrawn and a trial by the court resulted in a judgment in favor of appellee.

Numerous errors are assigned but the controlling questions are: (1) Can a materialman recover on a bond executed for the purpose and conditioned as the bonds in suit for material furnished and used in the construction of these roads? (2) Did the court

err in refusing to grant appellant a change of venue from the county?

The first question must be answered in the affirmative. *Holthouse* v. *State, ex rel.* (1911), 49 Ind. App. 178, 182, 97 N. E. 130; *Faurote* v. *State, ex rel.* (1887), 110 Ind. 463, 466, 11 N. E. 472; *State, ex rel.* v. *Rowles* (1912), 177 Ind. 682, 98 N. E. 722; *Robling* v. *Board, etc.* (1895), 141 Ind. 522, 525, 40 N. E. 1079.

The bonds in question were executed pursuant to the requirement of §7723, *supra,* and accepted by the board. The contracts were let and the improvements completed thereunder. The same principle of law here involved was involved in each of the above cases and further discussion is deemed unnecessary. As particularly applicable, we quote the language of Judge Mitchell in *Faurote* v. *State, ex rel., supra,* 467: "The provisions of the statute became part of the bond, giving to it the same force and effect as if they had been written therein. They constitute the contract upon which the sureties have a right to stand, and by which their liability is to be determined. By this contract the sureties guaranteed that the contractor should promptly pay all debts incurred by him, and it gave to any laborer, materialman, or person furnishing board to the contractor, and having a claim against him therefor, a right of action on the bond." This case was followed and approved in *State, ex rel.* v. *Rowles, supra.*

The affidavit upon which the change of venue was requested and refused was filed on June 28, 1915, the day on which the cause was set for trial and, omitting caption and signature, reads as follows: "Comes now Charles R. Haller, attorney for the defendants in the above entitled cause and makes

this affidavit for the said defendants and at the
express request and direction of the defendant Elijah
Huffman, who is ill and unable to be at the session
of this court and is confined at his home sixteen miles
distant from this court and the place of its sessions.
The affiant on behalf of the defendants would repre-
sent that they cannot have a fair and impartial trial
of said cause in Huntington Circuit Court for the
reason that an odium attaches to the defendants'
cause of defense on account of local prejudice.   The
affiant further represents that this is a civil action
and this affidavit is made and filed at the earliest
possible moment after the facts set out herein were
discovered.   Wherefore the defendants ask that the
venue of this action be changed and the cause be sent
to another county for trial.''

On the same day, without objection by appellant,
appellee filed ''his counter-showing and objections
to the change of venue,'' in which he set out a copy
of rule 8 of the Huntington Circuit Court as fol-
lows:  ''Applications for change of venue, either
from the judge or from the county, shall be made to
the court at or before the time the cause is set for
trial and not later, unless the cause for the change
shall come to the knowledge of the party asking such
change after said time, which shall be shown in the
affidavit asking for the change'' together with other
facts, in substance, that the regular setting of causes
for trial during the April term, 1915, of the Hunting-
ton Circuit Court was had on April 19, 1915, at which
time the cause at issue was set for trial on June 16,
1915.   On June 15, appellant asked and obtained a
continuance on account of an absent witness to June
28, 1915.   On the latter date appellee was present in
the courtroom with his attorney and witnesses ready

for trial, and after the call of said cause for trial the defendant by his attorney presented the above affidavit for change of venue. At the presentation of said motion neither the appellant nor any of his witnesses, nor any other person on his behalf, except his attorney, was present in the courtroom. Affiant further states "that said affidavit for a change of venue is made as he believes for the purpose of delay merely and that the same is not in compliance with the above rule of this honorable court."

Section 422 Burns 1914, §412 R. S. 1881, provides: "The court in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: * * * Third. That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice."

Counter-affidavits are not admissible in applications for change of venue under the above statute. *Smith* v. *Amiss* (1902), 30 Ind. App. 530, 533, 66 N. E. 501; *Houser* v. *Laughlin* (1913), 55 Ind. App. 563, 571, 104 N. E. 309.

The statute imperatively requires the court to grant a change of venue in civil actions, where the application is made in conformity with the provisions thereof. The affidavit in this case conformed to the requirements of the statute, and also to the requirements of the rule of court, and it was error to refuse the change. Judgment reversed.

NOTE.—Reported in 117 N. E. 874. Right of one furnishing labor or material to sue on bond given by contractor to property owner, Ann. Cas. 1916A 754.