FARMERS DEPOSIT BANK v. STATE, EX REL. SYMONS, STATE BANK COMMISSIONER.

[No. 25,739.   Filed May 3, 1929.]

---

118

*Sol H. Esarey, Farabaugh & Arnold, John R. Browne* and *Emshwiller & Emshwiller*, for appellant.

*James M. Ogden*, Attorney-General, *Charles F. Werner*, Assistant Attorney-General, and *E. Burke Walker*, Deputy Attorney-General, for the State.

MYERS, J.—On February 19, 1929, the State of Indiana, on relation of Luther F. Symons, bank commissioner, commenced this suit in the Blackford Circuit

Court for the appointment of a receiver for appellant, the Farmers Deposit Bank, on the ground that, from an examination into the condition of the bank, he "finds same to be in an insolvent and failing condition" or "is probably in an insolvent and failing condition." Summons was issued returnable March 2, 1929. On March 1, 1929, the bank entered its appearance, filed an answer in general denial, also its verified motion and application for a change of venue from the county on the ground that an existing odium attached to the defendant, the Farmers Deposit Bank, as also to its cause of defense in Blackford County on account of local prejudice. The following day, the court overruled this motion, whereupon the cause was submitted to the court for trial, which resulted in a finding that appellant was in a failing and insolvent condition. Judgment followed, and a receiver was appointed.

To each of the foregoing rulings of the court, appellant reserved an exception. He prayed an appeal to the Supreme Court, which was granted, and 10 days were allowed for the filing of all bills of exception. Record with assignment of errors was filed in this court on March 12. The errors assigned challenge the rulings of the court in overruling appellant's motion for a change of venue from the county, in refusing to change the venue from the county, and in appointing a receiver.

It will be noticed that the receiver is not a party to this appeal. Hence, it may be said that this appeal should be dismissed for want of jurisdiction. It is also claimed that this is an appeal from an interlocutory order.

According to a familiar rule of appellate procedure, the assignment of error in a court of review must, in order to confer jurisdiction, contain the full names of all the necessary parties affected by the judgment. *Town of Windfall* v. *State, ex rel.* (1910), 174 Ind. 311, 92 N. E. 57; *Buchanan* v. *Morris* (1926),

198 Ind. 79, 151 N. E. 385; *Security Trust Co., etc.*, v. *Myhan* (1916), 186 Ind. 391, 114 N. E. 410; *Klotz* v. *Schellenberger* (1913), 180 Ind. 287, 102 N. E. 134.

There was no receiver during the pendency of the instant case, and none could be appointed legally until the issues submitted to the court for trial were determined by a finding and judgment. True, the complainant sought the appointment of a receiver as a part of the relief asked, but there was nothing pertaining to the merits then adjudicated which could affect in any manner a receivership not then in existence. A receiver was appointed immediately following a judgment on the issues tried. He came into the judgment by subsequently qualifying, as a means provided by law for the administration of an adjudged insolvent estate. The character of the subject-matter involved in this case and the provisions of the law for its protection are such that the receiver's activities commence, his interests attach, and his responsibility begins, on his reception of the assets of the insolvent from the officer charged with the duty of having them in custody and under his control.

This is a term-time appeal, and no question as to co-parties or of failure to name in the assignment of error each person tendering an issue tried, or to the judgment. At the time of entering judgment and at the time of perfecting this appeal, all of the assets of the bank were in the possession and under the control of appellee, State Bank Commissioner. The various provisions of our statute on the subject of banking in its various forms in this state evince a legislative policy of administration and supervision peculiar to that class of business and not to release the assets of a member of that class for sequestration even to a receiver, until certain circumstances named in the statute are affirmatively declared in a judicial proceeding begun and prosecuted to a final determination by the Bank Commissioner,

whose authority in that regard is exclusive. *Ryan* v. *Ray* (1886), 105 Ind. 101, 4 N. E. 214. He may be termed the statutory plaintiff (§§259, 3965 Burns 1926), and the bank the defendant. The object of the suit is "the enforcement or protection of private rights" in the manner and form provided by our Civil Code. §256 *et seq.* Burns 1926.

Appellant, as an entity, a corporation organized under the laws of this state, was and is under the supervision of the Bank Commissioner, who, by statute, is charged with certain duties, among others, to apply for a receiver only when he finds certain facts, specified in the statute, exist. He must, in the performance of his various duties, of necessity exercise discretion even, as a last resource, in making an application for a receiver; for this remedy, it must be said, is given solely for preserving and securing for those entitled thereto an equitable distribution of the assets of the failing or insolvent enterprise. The statute, §3965, *supra*, under which appellee acted in making application for the appointment of a receiver, provides for notice of such application to the stockholders and depositors of the bank by publication as directed by the judge of the court. The Legislature, in making this provision for notice instead of summons, as in ordinary actions, evidently regarded the stockholders and depositors of the bank as interested parties to a proceeding involving the life of the institution, and also the difficulty, expense and time of giving actual notice to the individuals composing these two classes of persons. Since the person or officer who may institute the suit and the method of notice to parties in interest is fixed by statute, the combination of these elements is essential to give the court jurisdiction to proceed with the formation of issues, trial and judgment. These prerequisites to the court's jurisdiction are unlike the requirements for the commencement of an

ordinary action, and, to that extent, it might be regarded as "special"; but once the suit is so instituted, its prosecution seems to be left to the general rules of practice and procedure under our Civil Code. The notice to the stockholders and depositors, to which we have referred, is evidently for the purpose of giving them an opportunity of making a showing that would avoid the appointment of a receiver, or of being heard pertaining to the facts charged in the complaint of the bank commissioner. Although they may be regarded as interested parties, yet it cannot be said that they are interested parties within the rule that they are necessary parties to an appeal by the bank, in the absence of an issue tendered whereby they become parties to the judgment.

The entering of judgment appointing a receiver in the class of cases to which the one at bar belongs, being the sole object of the suit, and the placing of the receiver in charge of the assets of the bank terminates the adversary proceedings instituted by the State through its authorized officer, whose duty thereafter is merely the examination of the institution being administered by the receiver. Consequently, we hold that, according to the record in this case, the stockholders, depositors and the receiver are not necessary parties to this appeal, and that the judgment in this class of cases is not interlocutory but final; the cause, however, to remain on the trial docket merely for further orders of the court in the administration of the estate. *Rooker* v. *Fidelity Trust Co.* (1926), 198 Ind. 207, 151 N. E. 610.

The jurisdiction of this appeal on its merits is in the Appellate Court. Therefore this cause is transferred to the Appellate Court.

Gemmill, J., not participating.