FARMERS DEPOSIT BANK *v.* STATE, EX REL. SYMONS, STATE BANK COMMISSIONER.

[No. 13,752. Filed May 9, 1929.]

*Sol H. Esarey, Farabaugh & Arnold, John R. Browne* and *Emshwiller & Emshwiller,* for appellant.

*James M. Ogden,* Attorney-General, *Charles F. Werner,* Assistant Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

ENLOE, C. J.—This is an action by the State of Indiana, on relation of Luther F. Symons, state bank commissioner, in which the State asked for a receiver for the appellant bank on the ground that said bank was insolvent, or was probably insolvent. Upon appearance, the appellant duly filed its motion for a change of venue of said cause from Blackford county, stating a statutory cause therefor. This motion was overruled, a hearing had, and a receiver appointed as prayed, and from this action, an appeal was prosecuted to the Supreme Court, upon the theory the order appealed from was "interlocutory."

The Supreme Court, in an opinion (*Farmers Deposit Bank* v. *State, ex rel.* [1929], 201 Ind. 117, 166 N. E. 285), held that the judgment appealed from was a final judgment, and transferred the cause to this court for consideration upon the merits.

The only question which we need to consider is the action of the court in denying the change of venue.

The statute, §442 Burns 1926, provides: "The court in term, or the judge thereof in vacation *shall* change the venue of any civil action upon affidavit showing one or more of the following causes," etc.

It has been repeatedly held that this statute is mandatory, if seasonably invoked. *State, ex rel.,* v. *Leathers, Judge* (1925), 197 Ind. 97, 149 N. E. 900; *State, ex rel.,* v. *DeBaun, Judge* (1926), 198 Ind. 661, 154 N. E. 492. *Huffman* v. *State, ex rel.* (1917), 66 Ind. App. 105, 117 N. E. 874. We hold that the court erred in denying the appellant a change of venue herein.

Cause reversed, with directions to set aside the judgment herein and to sustain appellant's motion for a change of venue of this cause.