WHEELER *v.* CITY OF INDIANAPOLIS.

[No. 24,605. Filed May 16, 1929. Petition for rehearing dismissed December 6, 1929.]

*Ward H. Watson* and *Sol. H. Esarey,* for appellant.
*Alvah J. Rucker, John K. Ruckelshaus, Jr., William Bosson, William T. Bailey, Merle N. A. Walker, Oren S. Hack, Edward H. Knight* and *Smiley N. Chambers,* for appellee.

GEMMILL, J.—This was a proceeding under §8729 Burns 1914 (§10721 Burns 1926), for the purpose of constructing a certain main drainage system within Marion County, both within and without the city of Indianapolis. The Board of Public Works of the city of Indianapolis filed with the Marion Circuit Court a copy of all the proceedings had before the board in the matter of said public improvement. The court subsequently appointed a board of assessors, which board filed its preliminary or first assessment roll, then a corrected assessment roll, and later a final assessment roll. The appellant filed an appeal from the assessment made against her real estate. The court found that the property of the appellant was benefited by the improvement in the sum of $31,075.90 and rendered judgment accordingly. The appellant then filed a motion for a new trial, which was overruled.

On appeal, the following alleged errors are assigned: (1) The court erred in overruling the motion of appellant for a change of venue; (2) the court erred in overruling appellant's motion for a trial by jury. (3) The court erred in overruling appellant's motion for a new trial. The first and second assignments of error are not well assigned as independent errors. The overruling of a motion for a change of venue, if erroneous, is a cause for a new trial, under the first statutory cause for a new trial, for it is an irregularity in the proceedings of the court by which a party is prevented from having a fair trial. The ruling on the motion of appellant for a trial by jury also comes within the first cause set out in the statute regulating motions for new trials. However, the first and second assignments of error are stated as causes in the motion for a new trial.

Section 422 Burns 1914 (§442 Burns 1926), in effect since 1881, provided as follows: "The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: . . . Third. That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice." In the instant case, the causes stated in the motion for a change of venue from the county were as follows: "1. That the petitioner herein has an undue influence over the citizens of said county; 2. That an odium attaches to her cause of defense on account of local prejudice." In support of said motion, she filed therewith and made a part thereof the affidavit of one of her attorneys.

In a civil case, when a motion for a change of venue from the county is filed for a statutory cause, if it is sup-

ported by an affidavit in compliance with the statute and is timely filed, it is the imperative duty of the court to grant the change. *Fisk* v. *Patriot, etc., Turnpike Co.* (1876), 54 Ind. 479; *Krutz* v. *Howard* (1880), 70 Ind. 174; *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *Rout* v. *Ninde* (1889), 118 Ind. 123, 20 N. E. 704; *Federal Cement Tile Co.* v. *Korff* (1912), 50 Ind. App. 608, 97 N. E. 185; *Huffman* v. *State, ex rel.* (1917), 66 Ind. App. 105, 117 N. E. 874; *Shaw* v. *State* (1925), 196 Ind. 39, 146 N. E. 855; *State, ex rel.,* v. *Leathers, Judge* (1925), 197 Ind. 97, 149 N. E. 900; *State, ex rel.,* v. *DeBaun, Judge* (1926), 198 Ind. 661, 154 N. E. 492; *Farmers Deposit Bank* v. *State, ex rel.* (1929), 89 Ind. App. 302, 166 N. E. 287.

In *State, ex rel.,* v. *Leathers, Judge, supra,* which was an original action brought in this court for a writ of prohibition against the Honorable James M. Leathers as special judge of the Marion Circuit Court, and in which the appellant herein was the relator, praying that he be restrained from further sitting and acting as such special judge, except to sustain relator's motion for a change of venue in a cause pending in the Marion Circuit Court on appeal by relator from an improvement assessment made against her real estate, this court said: "Relator, it is admitted, by an unquestioned affidavit, timely filed, sought a change of judge under subd. 7, §442 Burns 1926, §422 Burns 1914, §412 R. S. 1881. The cause thus seasonably invoked for a change involved no issue of fact to be determined or matter calling for the exercise of judicial discretion. The language of this statute, 'shall change the venue' in all civil actions, is an arbitrary mandate or duty imposed by law on the court in term or the judge thereof in vacation to grant the change."

The affidavit for a change from the county can be made by a party to the suit, or by his agent or attorney.

*Heshion* v. *Pressley* (1881), 80 Ind. 490. The ▓▓▓ statutory provisions regulating changes of venue are applicable to drainage cases, except where the statute specifically denies such application. *Bass* v. *Elliott* (1886), 105 Ind. 517, 5 N. E. 663; *Thorn* v. *Silver* (1909), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161; *Haynes Automobile Co.* v. *City of Kokomo* (1917), 186 Ind. 9, 114 N. E. 758. The statute which governs in this proceeding does not deny the right of a change of venue.

In *State, ex rel.,* v. *Leathers, Judge, supra,* it was said that this court has many times ruled that, although a drainage proceeding is statutory, it is nevertheless in its nature a civil action, and the civil code applies to supply omissions in the special act.

The court erred in overruling the motion for a change of venue from the county and erred in overruling the motion for a new trial. It is not necessary to consider the other causes for a new trial, as the questions presented may not arise upon another trial.

The judgment is reversed, and the cause is remanded with instructions to sustain appellant's motion for change of venue from the county, and for further proceedings.

### ON PETITION FOR REHEARING.

PER CURIAM.—In this proceeding the opinion was filed on May 16, 1929. On May 28, 1929, the appellee, being the only party affected adversely by the decision, filed its waiver of any and all right to file a petition for rehearing, and petitioned the court to order the cause returned for action of the lower court under and pursuant to the decision of this court. It appears that the clerk of this court certified the opinion to the lower court. This court thereupon lost jurisdiction of this cause to proceed further therein. *Parker* v. *State, ex rel.* (1893), 133 Ind. 178, 32 N. E. 836.

This court has no jurisdiction to consider the petition for a rehearing, and the petition is dismissed. It is further ordered that the opinion herein be certified again to the lower court.