STAIR *v*. MEISSEL.

[No. 26,089. Filed October 30, 1934.]

*Frank C. Dailey* and *William C. Welborn*, for appellant.

*Edmund L. Craig* and *William L. Mitchell*, for appellee.

TREANOR, J.—On July 30, 1931, appellee brought suit to foreclose a chattel mortgage given by appellant to secure sixty-five promissory notes in the sum of $750 each, fourteen of which were then due and unpaid. He asked for the appointment of a receiver without notice to immediately take charge of the mortgaged property consisting of the furniture and fixtures of a hotel, and being used by the defendant in the conduct of a hotel business in the city of Evansville. In the complaint appellee alleged that appellant was in default under a lease of the hotel building in which the mortgaged property was situated; that a suit was pending for possession of the premises and that the mortgaged property was about to be removed by the sheriff before notice could be given the defendant in the instant suit; that the mortgaged property would thereby be rendered less valuable and would be materially injured and that plaintiff would suffer great and irreparable loss unless a receiver should be appointed to take charge of the property pending the termination of the foreclosure proceeding. Plaintiff alleged that he had no adequate remedy at law; that an attachment suit would not lie. He also alleged that a receiver, if appointed, could arrange to properly preserve the property which had but little value aside from its use as hotel property. The complaint contained the following averment:

"Plaintiff further avers that an emergency exists for the appointment of a receiver herein without notice, since to await the maturity of notice before the appointment of a receiver would result in the

removal of said property as a consequence of the possessory action above mentioned and thereby the damage sought to be averted would nevertheless result; that a temporary restraining order is not available to plaintiff for the reason that he has no right in the premises other than those that may be created by arrangements made through the receiver herein sought to be appointed by contract and plaintiff knows and avers as a fact that the injury to said property and to his interests can be averted if a receiver is appointed herein to take charge of said property without notice and to deal with the same under the order of this court."

The mortgaged property was alleged to be "insufficient of value at this time to pay and to discharge the debt of this plaintiff thereby secured." The prayer for relief asked the appointment of a receiver, as follows:

". . . that a receiver be appointed herein without notice to immediately take charge of the mortgaged property, pending the termination of this action; that notice issue to the defendant of the appointment of the receiver herein without notice, and fixing a date for a hearing herein as to whether or not the receiver herein created without notice, shall continue, pending the termination of this action; that the receiver be given the powers incident to receivers under the laws of the State of Indiana and be authorized and directed to immediately take charge of said property and to deal therewith under the orders and directions of this court; . . ."

The complaint was signed by appellee and properly verified. On July 31st, appellant was served with summons to appear on August 14th to answer the complaint. On July 31st the trial court found that the "verified application charged an emergency, to avoid irreparable injury and damage to the plaintiff, for the appointment of a receiver as therein prayed, to take charge of, hold and preserve the property covered and encumbered by said chattel mortgage pending the maturity of notice." The court thereupon appointed a receiver to take possession of the property "pending the

further order of this court" and "pending the hearing as herein fixed as to the continuance of the receivership created hereby without notice." The court also ordered that the defendant "be and appear before this court on Saturday, August 1, 1931, at 10:30 A. M. at the Court House in Evansville, Indiana, then and there to show cause, if any exist, why the receivership herein created without notice should not continue." A copy of the court's order of July 31st, on that day, was served upon appellant. The hearing upon the rule to show cause was subsequently continued until August 13th. On August 11th appellant filed a motion for change of venue from the county. Appellant's verified response was filed on August 13th and on that day the following order was made:

"... this being the time fixed by the court for the defendant to show cause, if any he has, why this receivership should not be continued pending the determination of the main cause of action herein, and the defendant now files his verified response to the Rule to show cause why the Receivership herein Granted Without Notice should not be Continued, and the defendant offering no further evidence, and the court having examined said paper filed by defendant and being duly advised in the premises, now finds that the receivership herein created without notice should continue and be made permanent, pending the determination of the main cause of action herein, to which ruling of the court the defendant at the time objects and excepts.

"It is, therefore, ordered by the court that the receivership herein be and the same is hereby continued and made permanent pending the determination of the main cause of action in this cause."

This appeal is prosecuted from the foregoing order of the court made on August 13th. It is not, nor could it be contended that this is an appeal from the order of July 31st appointing the receiver without notice. An appeal from an order appointing, or refusing to appoint, a receiver must be taken "within

ten (10) days thereafter." This appeal was perfected on August 22nd. Our statute permits the appointment of a receiver without notice "upon sufficient cause shown by affidavit" and an appeal from such an appointment must be taken within ten days. §3-2603, Burns Ind. St. Ann. 1933, §1302, Burns Ann. Ind. St. 1926, §1157, Baldwin's Ind. Stat. Ann. 1934, Acts 1881, (Spec. Sess.) ch. 38, §254, p. 240.

If the order of August 13th can be appealed from at all, it must be because the court's action in making the receivership permanent was a "decision of the court" appointing a receiver, within the meaning of §3-2603, Burns 1933, *supra,* from which the party aggrieved may appeal. Our statute does not require that an appointment of a receiver made without notice shall be temporary and continue only until hearing held pursuant to notice; nor is there any statutory provision for either setting the appointment aside or confirming it. However, in the instant case, by the very terms of the court's order the appointment made on July 31st was limited to the time when a hearing would be held upon the question as to whether the receivership should be continued. In its order the court set out its finding, that the "application charges an emergency, to avoid irreparable injury and damage to the plaintiff, for the appointment of a receiver as therein prayed, without notice, to take charge of, hold and preserve the property covered and encumbered by said chattel mortgage, pending the maturity of notice, to be served on the defendant, fixing the time and date for a hearing as to whether or not the receivership herein created, without notice, shall be continued pending the determination of this action." The court directed the receiver, in its order of appointment, to "carefully preserve said property pending the hearing as herein fixed as to the continuance of the receivership created hereby without notice," and the

defendant was ordered to appear before the court "and there show cause, if any exist, why the receivership herein created without notice should not continue." The trial court and the parties contemplated that the order to be made by the court pursuant to the hearing to be held would have the legal effect of an appointment of a receiver with notice. This is indicated by, (a) the plaintiff's prayer for appointment without notice and request that a date be fixed for hearing as to "whether or not the receiver . . . shall continue." (b) the finding and order of the court, as made on July 31st, and (c) the appellant's course of action, consisting of contesting the appointment in the trial court in proceedings between July 31st and August 13th. While no appealable question can be presented as to whether sufficient cause was shown to dispense with notice in making the appointment on July 31st, that appointment cannot be extended beyond the limitation imposed upon it by the trial court. The receivership which was in effect after the hearing of August 13th owes its existence to the court's order made on that date. Consequently, in legal effect the order of August 13th was a decision of the court appointing a receiver, with notice, from which decision an appeal within 10 days would lie.

Appellant contends that the trial court erred in making the appointment, (a) upon the application and complaint of the plaintiff without other evidence, (b) by continuing the appointment made theretofore without notice, (c) upon a rule to show cause made against the defendant. He also predicates error upon the court's action in appointing the receiver after the filing of an affidavit and motion for a change of venue from the county.

It is contended, in effect, that the proceeding was conducted upon the theory that it was incumbent upon

the defendant, at the hearing, to establish that a ■ receiver should not be appointed rather than upon the theory that the plaintiff had the burden of establishing sufficient cause for such appointment. In support of this contention appellant points out that an order to show cause was served upon him.

A rule to show cause is sometimes entered in cases where, by reason of the special nature of the proceedings, a *prima facie* showing that the complaining party is entitled to the relief asked has been made by verified complaint or supporting affidavits. It thereupon becomes the duty of the party against whom the rule has issued to meet the case made by affidavit, else the matter will be determined solely upon the application. This should not and does not shift the burden of proof from the applicant to the defendant. The order to show cause amounts to no more than notice and was so treated in the hearing in the instant case.[1] The question presented upon the hearing held pursuant to such rule is not whether the defendant's showing has overcome the prima facie case made by the plaintiff's verified complaint or affidavits, but only whether he has met it, so that the plaintiff has failed to sustain the burden resting upon him.

Appellant points out that in the hearing held upon

---

*Note 1.* "The order determines nothing. It is merely in the nature of a notice to appear and show cause why an order for the appointment of a receiver should not be made. There was no necessity for having such an order sanctioned by a Judge. A notice from the plaintiff that on a certain day he would move for an order, etc., would have been sufficient. It is contended that the rule or order which the Judge made amounted to a determination by him that upon the case which the plaintiff then presented, and unless the defendant could show cause to the contrary, he would make the final order desired. We do not so consider it. As the plaintiff himself could have given a sufficient notice, it would probably have been best for the Judge to have abstained from giving his unnecessary sanction. But that the notice is directed by the Judge does not alter its character. It remains merely a notice, and affects no right of either party unless the Judge on the return day shall make some further order." *Gray* v. *Gaither* (1874), 71 N. C. 55, 56.

the rule to show cause the only evidence received consisted of defendant's verified response to the ██ rule. However, the court was bound to take, and must have taken, notice of the evidence upon which the receiver was appointed on July 31st, which evidence was required to be wholly documentary in form and consisted of the verified complaint. *School Town of Monticello* v. *Grant* (1885), 104 Ind. 168, 1 N. E. 302; *Manor* v. *Board of Commissioners of Jay County* (1894), 137 Ind. 367, 34 N. E. 950, 36 N. E. 1101.

This court is called upon to consider whether there was sufficient evidence to authorize the appointment of a receiver with notice; we cannot consider the sufficiency of the evidence to justify the appointment of July 31st without notice since an appeal from such appointment was not perfected.

The allegations of the complaint, that being the only evidence tending to support the appointment that could have been considered, authorize the appointment, if at all, upon the following grounds: (a) Plaintiff asked and was entitled to foreclosure of a mortgage given to secure a debt upon which defendant was in default, and sale of the mortgaged property was asked; (b) the mortgaged property was then of insufficient value to pay and discharge the debt.

Appellant relies upon the case of *Reynolds* v. *Quick* (1891), 128 Ind. 316, 27 N. E. 621; as setting out the allegations which are necessary to support the appointment of a receiver, and points out that in the instant case there were no allegations in the complaint to the effect that either the debtor was insolvent or the mortgaged property was about to be removed beyond the jurisdiction of the court. In *Reynolds* v. *Quick, supra,* this court held that an application alleging those facts, and also that the mortgaged property was insuf-

ficient in value to discharge the mortgage debt, was sufficient, but there is nothing in the opinion to indicate that the concurrence of the three allegations is necessary to constitute sufficient cause for the appointment of a receiver.

Provision for the appointment of a receiver is made by §3-2601, Burns Ind. St. Ann. 1933, §1300, Burns Ann. Ind. St. 1926, Acts 1881, Spec. Sess. ch. 38, §245, p. 240, which contains the following:

> "A receiver may be appointed by the court, or the judge thereof in vacation, in the following cases: . . .
>
> "Fourth. In actions by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property, when it appears that such property is in danger of being lost, removed or materially injured; or when such property is not sufficient to discharge the mortgaged debt—to secure the application of the rents and profits accruing before a sale can be had. . . .
>
> "Seventh. And in such other cases as may be provided by law; or where, in the discretion of the court, or the judge thereof in vacation, it may be necessary to secure ample justice to the parties."

Appellant contends that the allegation that the "mortgaged property is insufficient of value at the time to pay and discharge the debt" secured is insufficient to authorize the appointment of a receiver under §3-2601, cl. 4, *supra,* because "no facts or figures" were given or tendered, quoting the following from the opinion of this court in the case of *Little Wonder Light Co.* v. *Van Slyke* (1926), 198 Ind. 269, 272, 153 N. E. 477:

> "At the hearing on the application for a receiver, the complaint was read in evidence, but, of course, it constituted evidence only of the facts therein alleged, and not of the conclusions stated."

It is true that the inclusion of the proper figures would have enabled the trial court to make the neces-

sary computation to determine whether the property was worth less than the balance due on the mortgage debt. The due and unpaid notes secured by the mortgage were described in the complaint and set out in exhibits and coupled with that fact, the allegation that the "mortgaged property is insufficient of value at the time to pay and discharge the debt" constituted a "use of language in its factual significance"[2] which, considered as evidence, was sufficient to sustain the court's action in appointing a receiver.

Appellant's verified response contained no facts which in any way controverted so much of the complaint as alleged grounds for appointment of a receiver under clause 4 of §3-2601, *supra*. The response challenged the sufficiency of the plaintiff's showing of cause for appointment without notice, alleging in substance that plaintiff's attorneys are attorneys for the receiver appointed by the court and also represent another plaintiff in an action for possession of the hotel premises, and that the interests of the plaintiff in the latter action are adverse to the interests of the plaintiff in the foreclosure suit. Appellant does not contend that there was an abuse of discretion in that an improper person or corporation has been appointed as receiver or that the particular receiver selected had an interest in the action[3]; and while, in view of all the evidence, no sufficient cause may have been shown for not giving notice prior to appointing a receiver, this appeal does not present that question for review.

Appellant's last assignment of error is based upon the action of the trial court in proceeding to hold a

*Note 2.* *Kostanzer* v. *State* (1933), 205 Ind. 536, 187 N. E. 337; 16 Minn. L. Rev. 378, 391.

*Note 3.* "No party or attorney or other person interested in an action shall be appointed receiver therein." §3-2604, Burns, etc. 1933.

hearing upon its rule to show cause after defendant had filed a motion and affidavit for a change of venue from the county. The record shows that the motion for change of venue from the county was filed on August 11th and on August 13th the hearing was had upon the rule. An order was made on that date appointing, or continuing, the receiver. On August 14th the trial court sustained the motion for change of venue from the county as to the main cause of action but overruled the motion as to the receivership.

Changes of venue from the county are provided for by the following statutory provision:

"The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: . . .
"Third. That the opposite party has an undue influence over the citizens of the county, . . ." §2-1401, Burns, etc., 1933, §442, Burns, etc., 1926.

It is the duty of the court to grant a change of venue from the county in a civil action upon motion, timely filed, based upon a statutory cause and supported by proper affidavit. *Wheeler* v. *City of Indianapolis* (1929), 201 Ind. 415, 166 N. E. 433, and cases there cited. The statute authorizes a change of venue "of any civil action" and the courts have given effect to the statute by granting a change of venue in the trial of nearly all proceedings instituted to determine the rights of litigants.[4]

*Note 4.* "But it is said that this (an election contest) is a special proceeding, and not a civil action; and that the statute under which the proceeding is brought does not provide for change of venue. In the early decision there seems to have been a disposition to refuse changes of venue in all special proceedings, wherever the special statute giving the right of action did not provide for such change. But our later decisions have extended the general provisions of the code to such special proceedings, insofar as the particular statutes have not provided a

However, an application for a receiver is usually made in connection with a main cause of action[5] in which the rights of the parties are sought to be adjudicated upon some principal issue to which the question of receivership is merely ancillary.[6] The object of an application for appointment of a receiver is not a judgment determining the rights of parties but an interlocutory order designed to preserve the status of the parties with reference to certain property pending the determination of various rights.[7] The rights of the

different or inconsistent procedure of their own. Accordingly, whenever the question has been raised, changes of venue have been sanctioned in almost every proceeding, not especially affecting the privileges or rights of the court or those committed to its discretion, as in contempt proceedings or where the change is asked for on account of convenience of witnesses or the like.

"Such right to a change of venue from the county has been recognized in proceedings to contest the validity of a will, *Rogers* v. *Howard*, 4 Ind. 325; on appeals in cases of applications for liquor licenses, *State* v. *Vierling*, 33 Ind. 99; in bastardy proceedings, *Saint* v. *State*, 68 Ind. 128 (though it was held in one case that the relatrix in bastardy, not being a party, but a witness only, could not have such a change, *State* v. *Smith*, 55 Ind. 385); claims against decedents estates, *Lester* v. *Lester*, 70 Ind. 201; suretyship, *Williams* v. *Fleenor*, 77 Ind. 36; proceedings supplementary to execution, *Burket* v. *Bowen*, 104 Ind. 184; divorce, *Evans* v. *Evans*, 105 Ind. 204; drainage, *Bass* v. *Elliott*, 105 Ind. 517; guardianship, *Berry* v. *Berry*, 147 Ind. 176." *Weakley* v. *Wolf* (1897), 148 Ind. 208, 220, 47 N. E. 466.

*Note 5.* ". . . an action 'is any judicial proceeding which, conducted to a termination, will result in a judgment,' . . ." *Berry* v. *Berry* (1897), 147 Ind. 176, 179, 46 N. E. 470.

*Note 6.* "Ordinarily, under the old chancery practice, the appointment of a receiver was an interlocutory proceeding in a pending suit, . . ." *Brinkman* v. *Ritzinger* (1882), 82 Ind. 358, 362.

*Note 7.* "The appointment of a receiver pending the litigation does not in any way determine the rights of the parties to the litigation." Tardy's Smith on Receivers 2nd Ed. §26.

"The appointment of a receiver is one of the prerogatives of a court of equity, exercised in aid of its jurisdiction, in order to enable it to accomplish, as far as practicable, complete justice between the parties before it. From the very nature of the power and of the purposes for which it may be invoked, its efficiency depends on the promptness with which it may be exercised. The same power is conferred by the code upon the courts of this State, to be exercised for the same purposes and in the same emergencies, as in the courts of equity before the adoption of the code. *Connelly* v. *Dickson*, 76 Ind. 440. And it is plain that the formation of issues and the intervention of juries for their trial, at least in cases of interlocutory applications for

parties remain to be adjudicated in the principal action and a change of venue may be taken in that action, under §2-1401, Burns 1933, *supra*.

The provisions of §2-1402, Burns, etc., 1933, §443, Burns, etc., 1926, providing for a change from the judge in certain proceedings is broad enough to include applications for a receivership in a pending suit. It reads as follows:

> "When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an appointment of a special judge to hear such cause in the manner provided by law for changes of venue in civil actions."

But we find no statutory provision which contemplates a change a venue from the county in the case of a petition for an interlocutory order appointing a receiver, and in the absence of statutory provision we cannot say that such a proceeding is a "civil action" within the meaning of the change of venue statute.

We are aware of the decision of the Appellate Court in the case of *Farmers Deposit Bank* v. *State ex rel. Symons* (1929), 89 Ind. App. 302, 166 N. E. 287, wherein it was held to be reversible error to overrule defendant's motion for a change of venue from the

such appointments, were not contemplated. The principle, in ordinary practice, is to appoint a receiver with the sole view of preserving the property, and not to inquire into the merits. It is done upon motion, the evidence heard being the sworn pleadings of the parties, and such affidavits or depositions as may, within the rules of practice, be offered on either side. Edwards Receivers, 13-22, 76-85; Kerr Receivers, 134-144; High Receivers, 62-79. . . . It follows, . . . that it was proper to dispose of the application before the perfecting of the change of venue from the county." *Bitting* v. *Ten Eyck* (1882), 85 Ind. 357, 360.

county in an action brought by the State of Indiana on relation of the state bank commissioner, asking for the appointment of a receiver for a bank. Prior to this decision by the Appellate Court that case was presented to this court and in *Farmers Deposit Bank* v. *State ex rel. Symons* (1929), 201 Ind. 117, 166 N. E. 285, this court, after considering the special statutory provisions made for the supervision and administration of banks and the appointment of receivers therefor, held that by statute the sole object of the suit was the entering of a judgment appointing a receiver. This court accordingly transferred the appeal to the Appellate Court as an appeal from a final judgment rather than from an interlocutory order, appeals from which shall be taken to this court.

The appeal in the instant case was not taken from a final judgment but from an interlocutory order. The object of the application was an interlocutory order, not a final judgment, and a change of venue for the hearing upon the application was properly refused, though a change of venue in the principal action, for foreclosure of mortgage, would lie.

Order affirmed.