STATE EX REL. MARTIN v. HANCOCK CIRCUIT COURT, OFFUTT, JUDGE.

[No. 29,039. Filed June 2, 1953.]

*Davis & Williams,* of Greenfield and *Martz, Beatty & Wallace* of Indianapolis, for relator.

*Samuel J. Offutt, Pro se.*

GILKISON, J.—By this original action relator seeks to mandate the respondents to grant him a change of venue from the county in the matter of Effie M. Martin, an insane person, being No. 27438 in the Hancock Circuit Court. We issued an alternative writ on April 6, 1953.

The petition shows that on March 5, 1953, a petition was filed in the Hancock Circuit Court by Naomi G. Malcolm, asking for the appointment of a permanent guardian for Effie M. Martin, an insane person.

On March 16, 1953, relator filed his petition to oppose the appointment, alleging that on February 18, 1953, he was appointed guardian for such insane person by the Probate Court of Harris County, Texas, and that he thereafter "qualified in the state of Indiana, by filing an authenticated copy of the appointment of guardianship in the state of Texas—together with the order of the court and a bond set by the Probate Court of Harris County, with the clerk of Hancock County, Indiana."

It is averred that by reason of said facts relator is entitled to exercise in the state of Indiana the rights as guardian over all the property of Effie M. Martin in the state of Indiana. That because of the facts stated, the respondent court is without jurisdiction to appoint a guardian for the insane person in Indiana.

On relator's motion for change of venue the respondent judge on March 20, 1953, found and adjudged that the relator, Charles W. Martin, is not the guardian of Effie M. Martin in the state of Indiana and is without authority over her property in the state of Indiana, and that he has no standing in the respondent court either to defend the action or to ask for a change of venue and is not a party in interest in the proceeding, and for these reasons, the motion for change of venue from the county was denied. Thereupon the cause was called for trial, with Thomas W. McKean, prosecuting attorney, defending for Effie M. Martin. After hearing the evidence the respondent court found and adjudged Effie M. Martin to be a person of unsound mind, incapable of managing her own estate. That she had both personal and real property in Hancock County, Indiana, and that a guardian should be appointed for her to take charge of said property. John S. Thomas, of that.

county, was appointed permanent guardian with bond fixed at $10,000.

It is averred that the appointment of John S. Thomas as permanent guardian is "contrary to law and contrary to the interest of Effie M. Martin and to Charles W. Martin the alleged Texas guardian."

The facts in this proceeding are not disputed and are substantially as set forth above. The questions presented are: (1) Was the relator a party to the proceeding to have a guardian appointed for Effie M. Martin in Hancock County, Indiana? (2) Did relator have authority to ask for a change of venue from the county at the time he filed his verified motion therefor?

Our statute on change of venue from the county so far as affecting the matter before us, provides:

"The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of *either party*, made upon affidavit showing one [1] or more of the following causes:

". . . . .

"Third. That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice.

". . . ." §2-1401 Burns' 1946 Replacement. (Our italics).

The change of venue statutes all provide for a change of venue upon the application of a party. It seems to be settled that one must be a party to the action in order to be entitled to a change of venue from the county. *Wheeler* v. *City of Indianapolis* (1929), 201 Ind. 415, 418, 166 N. E. 433, 175 N. E. 15; *State ex rel. Kist* v. *Ball* (1945), 223 Ind. 512, 516, 62 N. E. 2d 621. The affidavit for change of venue from

the county may be made by the party himself, or by his agent or attorney. *Wheeler* v. *City of Indianapolis, supra. Heshion* v. *Pressley* (1881), 80 Ind. 490.

The action pending in respondent court is a statutory ■ proceeding based upon §8-217 Burns' 1933, providing as follows:

"Whenever any person not an inhabitant of this state, but having property in this state, shall, by inquest held and determined according to the laws of the state where such person may reside, be found to be a person of unsound mind, the court having probate jurisdiction in any county of this state where any of such property may be found may appoint a guardian for such person, who shall have the management of such person's estate in this state; and the guardianship so first granted shall exclude all others.

The petition for the appointment of a guardian in respondent court is entitled "In the Matter of Effie M. Martin an insane person." Among other things it shows that Effie M. Martin was and is a resident of Hidalgo County, Texas and that she had been adjudged a person of unsound mind and incapable of managing her own estate by the Probate Court of that county on February 5, 1952, and that this judgment is still in force.

It further shows that Effie M. Martin owns 333½ acres of well improved farm land in Hancock County, Indiana of the probable value of $75,000, the annual rental value of which is $6,000, and she also owns personal property thereon of the value of $4,300. That said real and personal property is now under rental on a fifty-fifty basis for a period of five years from October 28, 1950.

The petition further shows that one John S. Thomas was the temporary guardian of Effie M. Martin, and asked that he be appointed permanent guardian to look

after and protect the interest of the ward, particularly in the matter of the lease.

The relator was not made a party to this proceeding and so far as shown by the record before us, he made no request of the respondent judge to be made a party therein. The pleadings show that relator had been appointed guardian of the ward, Effie M. Martin, by the probate court of Harris County, Texas, on February 18, 1953, and that on February 25, 1953, he had filed an authenticated copy of his appointment in the office of the clerk of the Hancock Circuit Court, together with the order, and a copy of the bond set by the Texas court. Apparently relator believed because of the situation thus created, he became and was the lawful guardian of the ward in Indiana. The statute under which he proceeded, provides as follows:

"When any minor or other person shall be under guardianship without this state, the foreign guardian may file an authenticated copy of his or her appointment in the office of the clerk of the circuit court of the county in which there may be personal estate or assets of his or her ward; after which he or she may proceed to take possession of said personal property or assets, and may sue for and recover possession thereof in the circuit court of this state, and execute all proper and necessary receipts." §8-130 Burns' 1933.

However, we think that relator's rights in the matter are fully covered by the statute, thus: He may proceed to take possession of said personal property or assets, and may sue for and recover possession thereof in the circuit court of this state, and execute all proper and necessary receipts. The filing of an authenticated copy of his appointment as guardian by the probate court of Texas, in the office of the clerk of the Hancock Circuit Court, agreeable with §8-130 Burns' 1933, *supra,* gave relator only the rights specifi-

cally provided by that statute. *Marts, Guardian* v. *Brown, Guardian* (1877), 56 Ind. 386; Anno. C, 89 Am. St. 274. It gave him no other extra territorial rights. It did not make him appellant's guardian in Indiana, and did not make him a party to the statutory proceeding to have a permanent guardian appointed in Indiana, the sole purpose of which is to conserve and care for the extensive interest of the ward in Indiana, under the direction of the proper court. *In re Boyer's Guardianship; Rittenour* v. *Hess* (1931), 96 Ind. App. 161, 165, 174 N. E. 714. See also, 39 C. J. S., Guardian and Ward, §186, p. 331; 25 Am. Jur., Guardian and Ward, §215, p. 135; *Earl, Guardian* v. *Dresser, Guardian* (1868), 30 Ind. 11, 15; *Schmid & Smith* v. *Shaw* (1924), 83 Ind. App. 122, 124, 145 N. E. 512; *Shaw* v. *Meyer-Kiser Bank* (1927), 199 Ind. 687, 693, 156 N. E. 552.

Since relator was not a party to the proceeding before the respondent court, it was clearly within the authority of that court to deny the motion for change of venue from the county.

The temporary writ of mandate issued herein is hereby revoked and a permanent writ is denied.

Bobbitt, C. J., not participating.

NOTE.—Reported in 112 N. E. 2d 578.