GUTHRIE ET AL. *v.* STATE OF INDIANA, EX REL. HUGHES LUMBER COMPANY.

[No. 9,563. Filed May 16, 1918.]

1. BRIDGES.—*Construction.*—*Contractor's Bond.*—*Action.*—*Evidence.*—Evidence establishing that the plaintiff sold to the defendant, a bridge contractor, certain materials for the construction of a

bridge and delivered the materials at the bridge, that they were not paid for, and that the amount due was found by the court, is sufficient to establish a *prima facie* case against the contractor and his bondsmen. p. 634.

2. BRIDGES.—*Construction.—Bonds.—Materials Used.*—A county, by virtue of its implied powers, may require a construction bond with conditions broader than those required by statute; hence, in an action against the contractor and his bondsmen, a materialman may recover for materials furnished and used in the construction of a bridge, if covered by the bond, although they form no part of the structure. p. 634.

3. PAYMENT.—*Application.—Priority of Debts.*—Where a bridge contractor, after completion of the structure, paid to a materialman money not received on the bridge contract, without specific instructions as to its application, the court did not err in upholding the disposition thereof made by the materialman in applying it first to the payment of an older debt and crediting the balance on the bridge account. p. 635.

4. EVIDENCE.—*Opinions.—Intent of Others.*—Testimony of a witness as to the intent of another must be confined to acts and declarations showing intention. p. 635.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by the State of Indiana, on relation of the Hughes Lumber and Grain Company, against Lewis P. Guthrie and another. From a judgment for the plaintiff, the defendants appeal. *Affirmed.*

*Bingham & Bingham,* for appellants.
*Kivett & Kivett* and *A. M. Bain,* for appellee.

IBACH, C. J.—This is an action upon a contractor's bond to recover for material furnished by appellee in the construction of a public bridge. The complaint is in one paragraph and alleges the execution of a contract and bond; that by the terms of the contract it was agreed that appellant Guthrie would do and complete the work of constructing certain bridges, including the "Sycamore Bridge," and furnish all

labor, tools, and material required for such work; that the bond was conditioned that said Guthrie should "well and faithfully do and perform" the terms of said contract in all respects, according to the plans and specification adopted and "should promptly pay all indebtedness incurred in the prosecution of said work, including labor, materials furnished and for boarding the laborers thereon." It is further alleged that said Guthrie did enter upon the contract and constructed said bridge; that appellant sold, furnished and delivered to said contractor certain material at his special instance and request, a bill of particulars of which is filed with the complaint; that all said material "was purchased for and used in the construction and erection" of the bridges as contracted, and has not been paid for, although demanded.

Issues were formed on this complaint by answer in general denial and a further plea of payment by the appellant company. A trial by the court resulted in a general finding and judgment for appellee. A motion for a new trial upon the grounds that the amount of recovery is erroneous, being too large, that the decision of the court is not sustained by sufficient evidence and is contrary to law, and the exclusion of certain evidence, was overruled, and such ruling is assigned as error and relied on for reversal.

The contract and bond were read in evidence. Other evidence favorable to appellee shows that Mr. Guthrie went to appellee and informed it that he wanted to purchase material for the construction of a bridge across Sycamore creek and contracted a certain amount of cement and lime for such purpose. He also asked that the items which were to go into the

bridge be kept separate. Appellee sold Guthrie the material in question for such purpose and delivered it to him at the place where the bridge was constructed. There was a balance of $471.88 due appellee for material. Further than the facts as they appear, there was no evidence that the material furnished was actually used in the bridge or in the prosecution of its construction.

As tending to support the plea of payment there is evidence tending to show that certain payments and credits were made on the material account for this bridge, leaving the balance as above. It also shows that appellant Guthrie had an old account with appellee of $132.53; that on September 22, 1913, after the bridge had been completed, Guthrie made a payment of $200 to appellee. Out of this amount appellee credited appellant with $132.53 on his old account, and applied the balance to the bridge account. It further appears that at the time this payment was made no directions were given as to where it should be applied. It is also shown that the $200 paid was borrowed money, and did not come out of the proceeds of the bridge contract.

Appellants' contentions may be summarized as follows: (1) There is no evidence to show that the material involved was used in the construction of the bridge; (2) certain material, e. g., wire, nails, lumber, etc., were not necessary to construct a concrete bridge of which the court will take judicial notice; (3) that appellee had no right to take the payment of September 22, 1913, and apply a part of it in satisfaction of the old account.

Upon the first proposition appellee insists that the evidence establishes that appellant Guthrie contracted

for the materials from it with which to construct the bridge in question; that it furnished the materials and delivered the same at the bridge; that they were not paid for and the amount due is as found by the court. It is the position of appellee that this evidence is sufficient to give rise to the inference that the material was used in the bridge. We are of the opinion that upon this point the evidence was sufficient to make out a *prima facie* case for appellee, which was not rebutted by appellant. *Fry* v. *P. Bannon Sewer Pipe Co.* (1912), 179 Ind. 309, 316, 101 N. E. 10.

As relating to the right to recover for certain materials which appellants claim could not have gone into the structure itself, it has been held that by virtue of its implied powers a county may require a bond with conditions broader than that provided by the statute, and that such conditions are enforceable. *Title Guaranty, etc., Co.* v. *State, ex rel.* (1915), 61 Ind. App. 268, 281, 291, 109 N. E. 237, 111 N. E. 19. Even under the strict rule applicable to the mechanic's lien statute, the modern trend of authority is to the effect that for items of the kind here complained of, if actually used in the prosecution of the work, a recovery may be had. *Baldwin Locomotive Works* v. *Edward Hines Lumber Co.* (1917), 116 N. E. 739, and cases cited. We are not, however, driven to this rule, for under the terms of the contract and the conditions of the bond in this case the court was warranted in permitting a recovery for such material. *Smiley* v. *State, ex rel.* (1915), 60 Ind. App. 507, 110 N. E. 222. This court held in the case last cited, involving a bond conditioned substantially as the bond in suit, that a recovery could

be had for coal used by a contractor to operate an engine for crushing stone used on the road being constructed and for hauling tools.

In view of the evidence that the money which it is claimed was wrongfully credited to an old account was borrowed money, and that no specific directions were given for its application, the court did not err in upholding the disposition made by appellee in crediting a part to the old account. *Barrett* v. *Sipp* (1911), 50 Ind. App. 304, 311, 98 N. E. 310.

3.

The court did not err in excluding the evidence complained of. One cannot be permitted to testify as to the intent of another. The only competent evidence that a witness may give as to intent is to state the acts and declarations showing intention. *Zimmerman* v. *Marchland* (1864), 23 Ind. 474, 476.

4.

The court did not err in overruling the motion for a new trial. The cause seems to have been fairly tried and a correct result reached. Judgment affirmed.

NOTE.—Reported in 119 N. E. 518. See under (3) 30 Cyc 1243; (4) 17 Cyc 153.