PETERS, RECEIVER *v.* BECHDOLT ET AL.

[No. 14,737. Filed September 25, 1934. Rehearing denied January 26, 1935. Transfer denied May 25, 1935.]

*Bracken, Gray & DeFur, Whitaker & Mills,* and
*James J. Moran,* for appellant.

*James R. Fleming,* and *Charles E. Cox,* for appellees.

DUDINE, J.—This is an appeal from a judgment on
demurrers to each of two paragraphs of complaint filed
by appellant against appellees.

The first paragraph of complaint alleged:

". . . . that on January 24, 1919, the defendant
Clyde D. Bechdolt was duly elected as Secretary of
said Jay County Savings and Trust Company by
the Board of Directors of said institution for a
period of one year and until his successor should be
elected and qualified and acted continuously as such
officer until April 18, 1930, at which later day said
Trust Company closed its doors for liquidation.
That at the close of the term for which said Clyde
D. Bechdolt was duly elected as Secretary of the

Jay County Savings and Trust Company by the Board of Directors, as aforesaid, he was thereafter annually re-elected by said Board of Directors as such Secretary. That upon his original election and in consideration of such appointment and by virtue of the laws of the State of Indiana he executed a bond to the Board of Directors of the Jay County Savings and Trust Company in the penal sum of $25,000.00, with his co-defendants above named as sureties thereon, which bond was duly approved by the Board of Directors of the Jay County Savings and Trust Company on May 23, 1919; . . . that said Clyde D. Bechdolt continued in office as Secretary of said Jay County Savings and Trust Company for the period aforesaid in consideration of and by reason of the fact that said bond was to be and was executed by himself and his co-defendants herein in the manner aforesaid. . . .

"That the plaintiff further alleges that said bond of Clyde D. Bechdolt and his sureties aforesaid, upon its approval by the Board of Directors of the Jay County Savings and Trust Company, was duly filed in the office of the Bank Commissioner of the State of Indiana and approved by said Bank Commissioner and that each succeeding year after its approval by the Board of Directors in the manner aforesaid the same was thereupon approved by the Bank Commissioner of the State of Indiana and kept on file in his office as the bond of Clyde D. Bechdolt, as the Secretary of the Jay County Savings and Trust Company. . . .

"That during said time the defendant Clyde D. Bechdolt was acting as such Secretary of said Trust Company he did not faithfully discharge his duties as such as contemplated by said bond, but wholly failed in this, that he converted large sums of money belonging to said Trust Company to his own use and benefit; that he disposed of promissory notes belonging to said institution and assets thereof and the money received therefor he converted to his own personal use; that liberty bonds and other securities came into his hands during the time that he served as such Secretary which it was the duty of said institution to guard, protect and save and faithfully account therefor which he converted to his own personal use; that he raised checks of customers

and drew funds from their accounts which he converted to his own personal use and benefit; that he executed checks against certain checking accounts placing the name of the depositor upon said checks and depleted their accounts to the amount thereof which funds he converted to his own personal use. . . ."

Following said allegations was an itemized statement of alleged defalcations by Bechdolt as such officer. The complaint further alleged:

"That in and by the terms of the bond executed by Clyde D. Bechdolt as principal and his co-defendants as sureties, a copy of which is filed herewith and marked 'Exhibit A,' the defendants undertook and agreed to indemnify the Jay County Savings and Trust Company against loss to the extent of $25,000.00 in the event that Clyde D. Bechdolt did not faithfully and honestly discharge his duties as Secretary of the Jay County Savings and Trust Company. . . ."

Damages in the sum of $25,000.00 were prayed.

The second paragraph of complaint contained similar allegations. The essential difference between the two paragraphs was that the first paragraph alleged:

"that thereafter (after May 23, 1919) annually during the period for which he served as Secretary of the Jay County Savings and Trust Company the said bond so executed by him and his sureties, as aforesaid, was annually thereafter renewed and approved by said Board of Directors of the Jay County Savings and Trust Company with the knowledge and consent of Clyde D. Bechdolt and each of his bondsmen, defendants herein. . . ."

and the second paragraph did not allege such renewal, but in lieu thereof alleged that:

"his bond given upon his first election aforesaid was approved by said Board at each annual meeting thereof, which election of Clyde D. Bechdolt and the approval of his bond was made a matter of record upon the minutes of the institution. That said Clyde D. Bechdolt as such Secretary did not qualify in so

far as the execution of a new bond was concerned by reasons of the provisions of the bond, . . ."

The bond, which was made a part of each paragraph of complaint, was as follows:

"KNOW ALL MEN BY THESE PRESENTS: That we, C. D. Bechdolt, as principal, and A. A. Adair, E. E. McGriff, O. R. Easterday, W. D. Schwartz, John W. Holmes as sureties, are held and firmly bound unto the Jay County Savings and Trust Company, of Portland, County of Jay, State of Indiana, in the sum of Twenty-five Thousand Dollars ($25,000.00), for the payment of which we hereby bind ourselves, our heirs, legal representatives, successors and assigns.

"WITNESS OUR HANDS AT PORTLAND, JAY COUNTY, INDIANA, this 21st day of May, 1919.

"The condition of the above bond is such that, whereas, on the 24th day of January, 1919, the said C. D. Bechdolt was duly elected as Secretary of the said Jay County Savings and Trust Company by the Board of Directors thereof, under the laws of the State of Indiana, for one year from said date, and until a successor shall have been elected and qualified.

"Now if the said principal shall faithfully and honestly discharge his duties as such officer then this bond shall be void. Otherwise it shall be and remain in full force and effect, so long as said officer shall continue in said office either under the present or a future appointment or election."

(Signatures)
(Acknowledgement)
(Approval)

Two demurrers to each paragraph of complaint were filed by two groups of defendants respectively. The demurrers alleged but one ground, to wit, that neither paragraph of complaint alleged facts sufficient to constitute a cause of action against any of the defendants. The demurrers were sustained, and appellant, declining to plead further, judgment was rendered against appellant on the demurrers, and appellant perfected this appeal

assigning the court's rulings on the demurrers as the sole errors relied upon for reversal.

We construe the first paragraph of complaint as charging the sureties with liability for alleged defalcations of Bechdolt, which occurred subsequent to the expiration of the term of his first appointment, on the theory of annual renewals of the bond after the expiration of said term.

The Statute of Frauds prescribes that surety bonds be in writing. (Sec. 8045, Burns 1926; §33-101, Burns 1933; §8363, Baldwin's Ind. Stat. 1934.) A renewal of a surety bond is in legal effect a new contract of surety, and hence comes within the Statute of Frauds, and must be in writing.

The first paragraph of complaint does not allege that the renewal of the bond was in writing. The complaint being based on a contract of renewal which, to be enforceable, must be in writing, and the complaint failing to allege that the contract of renewal is in writing, it does not allege facts sufficient to constitute a cause of action. *Wabash R. R.* v. *Grate* (1913), 53 Ind. App. 583, 102 N. E. 155; *Miller, Exrx.* v. *Kifer* (1921), 75 Ind. App. 198, 130 N. E. 278; *Langford* v. *Freeman* (1877), 60 Ind. 46.

The second paragraph of complaint in effect charges that the bond, by the provisions set forth therein, bound the sureties for defalcations of the principal not only during his first term but also during any "future appointment" so long as the principal remained in office. We are called upon to construe the bond, and to determine whether its legal effect is such that it bound the sureties for the term of such "future appointments."

The statute (Sec. 4951, Burns 1914) required Bechdolt to give a bond upon entering upon the discharge of his duties. It provided as follows:

"The board of directors shall, at their annual meeting, elect from their own number a president and vice-president, and they shall also appoint a secretary and such other officers and agents as they may find necessary to the transaction of the business of the company. They shall define the general powers, authority and duties of such officers and employes, by by-laws or resolutions, fix the conditions, form and amount of their bonds, and approve the same; but no such officer, agent or other employe from whom a bond shall be required by the directors, shall enter upon the discharge of his duties until he shall have entered into a bond to the corporation, conditioned for the honest and faithful discharge of his duties, in such sum, conditions and sureties as may be approved by the directors, nor until such bond, so approved, has been filed in the office of the state auditor."

That statute remained in effect until 1921, when it was amended. (Sec. 3948, Burns 1926.) The changes made by the amendment are not material in this appeal. No contentions are based on the changes. Bechdolt's defalcations were alleged to have been done after said statute was amended as aforesaid and while said amending statute was in effect. (Sec. 101, Chap. 40, Acts of 1933 materially changed the law in regard to bonds of officers of financial institutions.)

As was said by the Circuit Court of Appeals, Eighth Circuit in *Westervelt* v. *Mohrenstecher* (1896), 76 Fed. 118:

"It is familiar law that, in cases where the term of office to which the principal is elected or appointed is fixed by law, the liability of his bondsmen will be limited to the current term, unless they expressly agree to continue liable after its expiration. . . . It is equally well settled that, where the bond recites the length of the term for which the officer is elected or appointed, the liability of the bondsmen is presumed to be limited to that term, in the absence of an express agreement to be responsible for a longer time. . . ."

The further language of the court in that case paraphrased so as to apply to the instant case is as follows: It must be conceded that the obligors in this bond had the right and the power to agree to indemnify the Savings and Trust Association against any defaults of Bechdolt, as its secretary, during the time subsequent as well as during the time antecedent, to January 24, 1920, when they claim that their liability ceased. They certainly could, by apt words, have expressed their intention to limit their liability for him to the time antecedent to that date. They certainly might, by suitable expressions, have declared their intention to be liable for him both before and after that date. . . .

In *Peoples Building and Loan Ass'n* v. *Wroth* (1880), 43 N. J. L. 70, 72, we find this statement, "the surety is only bound according to the words and intention expressed in his bond." To the same effect see 9 C. J. 45, Sec. 74; 21 R. C. L. 981, Sec. 30; Child's Suretyship and Guaranty p. 190; *Title Guaranty, etc., Co.* v. *State ex rel.* (1915), 61 Ind. App. 268, 289, 291, 111 N. E. 19; Stearn's Suretyship and Guaranty Sec. 129. This court, in *Title Guaranty Co.* v. *State ex rel., supra,* held that a highway contractor's bond required by statute, with terms more comprehensive than prescribed by statute, was a binding obligation measured by the provisions of the bond and enforcible according to its terms. See also *Guthrie* v. *State* (1917), 67 Ind. App. 630, 119 N. E. 518; *Southern Surety Co.* v. *Merchants, etc., Bank* (1931), 203 Ind. 173, 176 N. E. 846.

Appellee contends that the words "Otherwise, it shall remain in full force and effect so long as said officer shall continue in said office, either under the present or a future appointment or election" must be "stricken out of the bond for the reason that the statute is the bond and constitutes the contract upon which the sureties have a right to stand," and cites

several Indiana authorities. In none of the cases cited however did the court hold that sureties cannot obligate themselves on official bonds beyond the conditions or terms fixed by the statute requiring such bonds, hence they do not determine the principal question in this appeal.

The statutes (Sec. 4951, Burns 1914, §3948, Burns 1926) requiring the secretary to furnish bond did not specifically require him to furnish a new bond each year. Both statutes required a bond to be approved by the board of directors and by the state bank examiner, and compliance with those provisions was alleged. The second paragraph of complaint further alleged that the bond was approved by said authorities annually. Those statutes gave to the board of directors and the bank examiner the authority to approve said bond each year, or to reject it and demand a new bond. An approval and acceptance of the bond each year fixed the liability of the appellees for the ensuing year.

If the "otherwise provision" above referred to were stricken out of the bond, the bond would not state a condition under which the bond could be enforced, nor would it state the term of the bond. That would not however make the bond unenforcible because the condition prescribed by the statute requiring the bond would be read into the bond, and the term of the bond would be co-extensive with the term of the original appointment. *United States Fidelity and Guaranty* v. *Poetker* (1913), 180 Ind. 255, 102, 372; *State ex rel.* v. *Rowles* (1912), 177 Ind. 682, 98 N. E. 722; *Nat'l. Surety Co.* v. *Rathbun* (1929), 90 Ind. App. 205, 161 N. E. 573.

The "otherwise provision" when considered with the next preceding sentence states the condition, under which the bond can be enforced, and that condition is, if the said principal shall fail to "faithfully and honestly discharge his duties." It also states the term of the

bond as being "so long as said officer shall continue in said office either under the present or a future appointment."

Appellee further contends that the original Act under which the Jay County Savings and Trust Company was ██ organized prohibited such corporations from engaging in banking business, and appellee further contends that said act was in effect when Bechdolt's bond was originally approved, and that by Sec. 4 of an Act of 1921, p. 42, said prohibition in said original act was stricken out of the statutes, that as a result of the change in the law, said Jay County Savings and Trust Company engaged in banking business, and Bechdolt's duties increased and were different in character; that the bond was given to insure performance of duties imposed upon him by the former statute and not to insure performance of duties imposed under the law as amended; that the passage of said later Act terminated the bond. That contention is not tenable.

> "It is the settled rule as to official bonds that they include liability not only for default in the performance of duties imposed by law in force at the time of the execution of the bond, but also extend to all duties which may from time to time be added to the office by amendment to the law. . . . "Sureties upon official bonds are held to contemplate a possible amendment to the law and to stipulate, by implication, to be responsible for the performance of all duty thus added. Such a rule is indispensable to the proper management of public affairs, the only limitation being that the new duties imposed shall be of the same general character as those prescribed by statute at the time of the execution of the bond. . . .
>
> "While sureties upon an official bond will not be liable for defaults in the performance of added duties, which are not of the same general character as those which were incumbent upon the officer at the time the bond was executed, yet they will not thereby be discharged as to defaults in the regular duties of the office." Stearns on Suretyship and

Guaranty Sec. 152, pp. 253, 254. See also Brandt Suretyship and Guaranty Secs. 660-661-662; 22 R. C. L. 503.

As authority for the last rule of law quoted, Stearns cites *Gaussen* v. *U. S.* (1878), 97 U. S. 584, 24 L. Ed. 1009, which was a suit founded on the bond of a collector of customs. The defendant had filed a plea alleging an increase of duties. The trial court had stricken this plea, and that action of the trial court was presented for review by the Supreme Court of the United States. In that case the Supreme Court said,

> "If it be conceded, as it may be that the addition of duties different in their nature from those which belonged to the office when the official bond was given will not impose upon the obligor in the bond, as such, additional responsibilities, it is undoubtedly true that such an addition of new duties does not render void the bond of the officer as a security for the performance of the duties at first assigned. *It will still remain a security for what it was originally given to secure."* *Gaussen* v. *U. S.* 97 U. S. 584, p. 590. (Our italics.)

In *Board of Supervisors, etc.* v. *Clark* (1883), 92 N. Y. 391, the court followed said rule and said that the course of decisions in that respect are so uniform that the rule cannot be controverted.

Therefore, recognizing said rule, if the second paragraph of complaint charges a failure of Bechdolt to perform any duties which were imposed upon him by law in effect at the time the bond was executed, appellees' last contention must fail.

The second paragraph of complaint alleges among other things that Bechdolt failed to perform his duties as secretary of the association, in that he embezzled $30,697.76 in bonds and securities which were the property of said association. Certainly embezzlement of the property of the association was a violation of his duties, under the law in effect at the time his bond was executed. That being true his bond would cover such

embezzlement, under the rule of law above quoted from *Gaussen* v. *U. S., supra,* and appellees said last contention must fail.

We do not hereby hold that the bond does not cover the other items of embezzlement charged. It is our opinion that the additional duties imposed upon secretaries of loan and trust companies, by the Act of 1921, were duties of the same general character as those imposed by the law which was in effect when the bond was executed.

Although the complaint does not allege that Bechdolt handled more money after the Act of 1921 was passed, and such fact is not before us for consideration, appellee argues it to be a fact, and therefore we feel constrained to say that if such fact were alleged, our decision would not be changed thereby. (See Brandt Suretyship and Guaranty, Sec. 660 ff., *supra,* and authorities cited.)

Appellees stress the fact that they are accomodation sureties, and as such are favorites of the law, and that the bond should be construed so as to hold that the term of the bond is co-extensive with the term of the first appointment and not longer. We have taken into consideration the rule of law that accomodation sureties are favorites of the law, but we are of the opinion that the intention of the parties as to the term of the bond, as it is evidenced by the provisions of the bond, is so clear, that technical rules of construction need not and should not be resorted to. We hold that the term of the bond is "so long as said officer shall continue in said office either under the present or a future appointment." The language quoted clearly indicates that the term of the bond should extend beyond the original appointment, in case the officer succeeds himself as such officer, and that the term is co-

extensive with the principal's continuation in office under the present and future terms.

The demurrers to the second paragraph of complaint should have been overruled.

The judgment is affirmed as to the first paragraph of complaint and reversed as to the second paragraph of complaint, and the cause is remanded to the trial court with instructions to overrule the demurrers to the second paragraph of complaint, and for further proceedings, not inconsistent with this opinion.

Curtis, J., concurs in result reached as to the first paragraph of complaint, and dissents as to the second paragraph of complaint.