**Robert V. RAFTER, Plaintiff-Appellant,**

v.

**NEWARK INSURANCE COMPANY, Defendant-Appellee.**

**No. 211, Docket 30132.**

United States Court of Appeals Second Circuit.

Argued Jan. 7, 1966.

Decided Jan. 20, 1966.

186

Robert V. Rafter, pro se.

Jerome Murray, New York City (Arnold J. Bai and L. Douglas Shrader, Bridgeport, Conn., on the brief), for defendant-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM.

Appellant sued appellee insurance company, surety on a Connecticut sheriff's penal bond in the amount of $10,000, claiming $20,000 damages. The action was brought in the Southern District of New York and transferred to the District of Connecticut. The District Court, William H. Timbers, Chief Judge, dismissed the action as not involving the jurisdictional amount and plaintiff appealed. We find the ruling correct and affirm the judgment of dismissal.

No action has been brought against the sheriff, whose service of writs of attachment claimed to be defective is the basis of the claim on the bond. Jurisdiction lies under 28 U.S.C. § 1332 (a) only if "the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs." While refusal to pay on a bond after liability is established may entitle the obligee to interest after demand and prior to suit as a part of the obligation on the bond, cf. MacDonald v. Standard Accident Insurance Company, 19 Conn.Sup. 257, 111 A.2d 347 (Superior Court 1955), that is not the case here. Even if appellant here succeeded in his action without joining the principal on the bond, his recovery would be limited to the face amount of the bond plus interest after judgment, which by the plain terms of the statute is not to be included in computing the jurisdictional amount. "The phrase 'exclusive of interest and costs' (28 U.S.C. § 1332) necessarily refers to interest accrued prior to filing the complaint" not that accruing after. Athan v. Hartford Fire Ins. Co., 73 F.2d 66, 67 (2 Cir. 1934), Albani v. D & R Truck Service, Inc., 248 F.Supp. 268, D.Conn., June 25, 1965.

We need not discuss appellant's claim that a writ of attachment in some way is governed by constitutional limitations on search warrants, so that a federal question is involved, for the jurisdictional amount is the same whether the action is brought under 28 U.S.C. §§ 1331 or 1332.

Judgment affirmed.